**YANGLI ZHENG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 08–1780–ag.**

United States Court of Appeals, Second Circuit.

Dec. 29, 2008.

Jan Potemkin, New York, NY, for Petitioner.

Gregory G. Katsas, Asst. Atty. General, Lyle D. Jentzer, Senior Litigation Counsel, Ann Carroll Varnon, Atty., United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner Yangli Zheng, a native and citizen of the People's Republic of China, seeks review of the March 17, 2008 order of the BIA: (1) affirming the August 18, 2006 decision of Immigration Judge ("IJ") Helen J. Sichel, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and (2) denying his motion to remand. *In re Yangli Zheng*, No. A98 322 883 (B.I.A. Mar. 17, 2008), *aff'g* No. A98 322 883 (Immig. Ct. N.Y. City Aug. 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007).

As a preliminary matter, we find it unnecessary to address in detail Zheng's arguments regarding alleged errors in translation at his hearing because, even assuming those errors existed, we can confidently predict that the agency's decision would not change on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338–39 (2d Cir.2006). Accordingly, we find no error in the BIA's conclusion that Zheng failed to establish that his right to due process of law had been violated when he did not demonstrate that the outcome of his proceedings had been prejudiced. *See Augustin v. Sava*, 735 F.2d 32, 34 (2d Cir.1984); *see also Zacarias–Velasquez v. Mukasey*, 509 F.3d 429, 434–35 (8th Cir.2007) (holding that, although "[d]ue process includes the right to competent translation," "an alien must prove prejudice that potentially affects the outcome" (internal citations omitted)). It follows then that the BIA did not abuse its discretion in denying Zheng's motion to remand based on the alleged translation errors when remand would have served no useful purpose. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir.2005).

We find no reason to disturb the BIA's conclusion that the IJ's remaining findings provided a sufficient basis on which to conclude that Zheng was not credible. We afford deference to the IJ's observations about Zheng's demeanor during his testimony, particularly where, as here, the record reflects specific examples in support of her conclusions. *See, e.g., Shu Wen Sun v. BIA*, 510 F.3d 377, 380–81 (2d Cir.2007). Furthermore, Zheng's inconsistent testimony as to the date on which he was arrested and detained was material to his claim. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc). Given that Zheng provided multiple different answers in this regard, the IJ properly characterized this as a major discrepancy. Moreover, no reasonable adjudicator would have been compelled to accept Zheng's explanation that he was nervous. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

Because the adverse credibility determination was supported by substantial evidence, the agency properly found that Zheng failed to meet the burden of proof required for asylum, withholding of removal, and relief under the CAT, where each claim was based upon the same factual

predicate.[1]  *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).   Contrary to Zheng's argument, the agency did not err in failing to consider whether he may face persecution based solely on the fact that he would be prevented from practicing his chosen beliefs where the IJ did not believe that he was a genuine Falun Gong adherent, or that he would practice Falun Gong if returned to China.   Because the basis of Zheng's fear of future persecution was not independent of those claims that the agency found not credible, the adverse credibility determination was dispositive.   *See Paul,* 444 F.3d at 156.   Finally, we note that the IJ reasonably discounted Zheng's documentary evidence, e.g., the hospital certificate, not only because it was unauthenticated, but because Zheng was not otherwise credible.   *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) (providing that an "IJ may, either expressly or impliedly, rely on [the doctrine of] *falsus in uno* [, *falsus in omnibus* ] to discredit evidence that does not benefit from corroboration or authentication independent of the petitioner's *own* credibility").

For the foregoing reasons, the petition for review is DENIED.   As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.   Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

1.   Because Zheng did not raise his CAT claim based on his alleged illegal departure from China in either his submission to the BIA or in his brief to this Court, we deem that claim abandoned.   *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007).